■ In the Matter of TAMARA B., Appellant, v PETE F., Respondent. [632 NYS2d 563] —Order, Family Court, New York County (Ruth Zuckerman, J.), entered on or about April 28, 1994, which denied petitioner's motion for a new trial in this paternity proceeding, unanimously affirmed, without costs.

A prior effort by petitioner to have DNA tests performed on herself, respondent and the subject child was rejected by this Court in its remand of the case for the purpose of allowing respondent to introduce rebuttal expert testimony on the interpretation of HLA blood tests (*Tamara B. v Pete F.*, 157 AD2d 636, *amdg Tamara B. v Pete F.*, 146 AD2d 487). The issue of whether there should be DNA testing was decided at that time, and, as a matter of law, the case should not be reconsidered now (*see, Foley v Roche*, 86 AD2d 887, *lv denied* 56 NY2d 507). Nor is a new trial warranted by petitioner's claimed "newly-discovered evidence" (CPLR 5015 [a] [2]). The vague and conclusory statements of petitioner and the two newly proposed witnesses are insufficient to show why the latter were unavailable and when and how contact was reestablished (*cf., Cizler v Cizler*, 19 AD2d 819). Petitioner admits that her "newly discovered" tape recording of conversations was in her possession at the time of the fact-finding hearing. It is also not clear how this evidence, which could only serve to undermine the credibility of adverse witnesses, would probably produce a different result (*see, Teichner v W & J Holsteins*, 161 AD2d 454, *lv dismissed* 77 NY2d 873). Similarly, even if an HLA blood test of one of petitioner's paramours conclusively excluded him as the father, as petitioner contends, that would hardly be clear and convincing evidence of respondent's paternity, given that an HLA test indicated a relatively low probability of respondent's paternity, and the numerous men who had sexual relations with petitioner during the possible conception period. Finally, petitioner's claims of respondent's "fraud, misrepresentation and misconduct" are raised for the first time on appeal, and therefore not properly before us (*Ku v Gu*, 186 AD2d

88). Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Mazzarelli, JJ.