■ JERICHO GROUP, LTD., Respondent, v MIDTOWN DEVELOPMENT, L.P., Appellant. [851 NYS2d 11]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 20, 2007, which, insofar as appealed from, granted plaintiff's motion to vacate a judgment of dismissal entered at the direction of this Court, unanimously reversed, on the law, without costs, and the motion denied. The Clerk is directed to reenter judgment in favor of defendant dismissing the amended complaint.

The prior action dismissed by this Court sought damages and specific performance in connection with a contract for the purchase of real estate, after plaintiff buyer had cancelled the contract and defendant seller had returned the down payment. In reversing the motion court and dismissing the amended complaint, this Court held, inter alia, that plaintiff had no cause of action for fraud based on defendant's alleged failure to produce certain documents requested by plaintiff at the end of the contractual due diligence period (32 AD3d 294, 300 [2006]). Plaintiff now claims that in disclosure proceedings conducted during the pendency of the prior appeal, defendant produced, or admitted the nonexistence, of documents that it had previously represented it did not have, and thereby committed a fraud on the court. Such claim, however, goes to defendant's compliance with its contractual obligation to produce documents, i.e., the underlying transaction, not to "the very means by which the judgment was procured," and therefore does not avail to vacate the judgment pursuant to CPLR 5015 (a) (3) (*Cofresi v Cofresi*, 198 AD2d 321, 321 [1993] [internal quotation marks omitted]).

In any event, plaintiff fails to show fraud in the underlying transaction. Concur—Lippman, P.J., Buckley, Gonzalez and Sweeny, JJ.