■ CITIDRESS II CORP., Respondent, v HINSHAW & CULBERTSON LLP, Appellant, et al., Defendant. [873 NYS2d 53]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered June 30, 2008, which, to the extent appealed from, denied defendant Hinshaw & Culbertson LLP's (H&C) motion

to dismiss the complaint with prejudice and for the imposition of sanctions, unanimously modified, on the law, to grant the motion to dismiss the complaint with prejudice, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against H&C.

Res judicata applies because plaintiff's causes of action for declaratory relief as to its various counsels' claims for unpaid legal fees were litigated to a final conclusion in a prior proceeding culminating in an order of the Supreme Court, New York County (Alice Schlesinger, J.), entered on or about October 25, 2007 (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Grezinsky v Mount Hebron Cemetery*, 52 AD3d 202 [2008], *lv denied* 11 NY3d 709 [2008]).

Following the entry of Justice Schlesinger's order, defendants wrote to Citidress requesting that it withdraw the instant action on the ground that the action was barred by the doctrine of res judicata. Defendants then brought the instant motion to dismiss. Citidress cross-moved for a stay. Just before defendants were to submit their reply papers, counsel for Citidress informed the court that Citidress was voluntarily withdrawing the action. The court denied defendants' motion as moot in light of the claimed voluntary discontinuance. On appeal, H&C correctly notes that Citidress has never contested the application of the doctrine of res judicata to the facts of this case. Under the circumstances, Citidress's purported voluntary discontinuance of this action was ineffective because its notice of same was not served within the time period prescribed by CPLR 3217 (a) (1). Therefore, it was error to deny H&C's motion as moot.

The court properly denied H&C's motion for sanctions against Citidress for commencing and prosecuting this action based on certain factual findings made by the special referee in the prior proceeding. Concur—Andrias, J.P., Nardelli, Catterson, Acosta and DeGrasse, JJ.