■ JERICHO GROUP LTD., Appellant, v MIDTOWN DEVELOPMENT, L.P., et al., Respondents. [889 NYS2d 18]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered September 16, 2008, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint on the ground of res judicata and collateral estoppel and granted the motion of defendant Midtown Development L.P. (Midtown) to cancel the notices of pendency filed by plaintiff, unanimously affirmed, with costs.

Based on this Court's two prior orders and the judgment entered thereon dismissing plaintiff's first action alleging, inter alia, fraud and breach of contract, the motion court properly determined that this action was barred by collateral estoppel and res judicata. The two actions are based on the same transaction, namely the sale of real property, and the prior action was dismissed on the merits, and not merely because of technical pleading defects (*see Heritage Realty Advisors, LLC v Mohegan Hill Dev., LLC*, 58 AD3d 435 [2009], *lv denied* 12 NY3d 830 [2009]; *Lampert v Ambassador Factors Corp.*, 266 AD2d 124 [1999]). Even though this Court, in granting defendant Midtown's motion to dismiss the complaint in the prior action, did not state that it was dismissing the action on the merits (32 AD3d 294 [2006]), an examination of our ruling clearly demonstrates that the claims were dismissed on the merits (*see Feigen v Advance Capital Mgt. Corp.*, 146 AD2d 556, 558 [1989]).

Contrary to plaintiff's contention, this Court's subsequent order denying its motion to, inter alia, vacate the judgment of dis-

missal (47 AD3d 463 [2008], *lv dismissed* 11 NY3d 801 [2008]), has preclusive effect for purposes of res judicata, especially since it resulted in the reentry of the judgment of dismissal. This Court's ruling that plaintiff "fails to show fraud in the underlying transaction" (47 AD3d at 464), was not mere dicta and acts as a bar to plaintiff's claim of willful and deliberate breach of the contract (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357-358 [1981]). Indeed, the claims are based on the same alleged misconduct, namely, defendants' failure to provide documents on an oil spill near the subject property and information regarding the nonexistence of certain exhibits referenced in the contract of sale. With respect to plaintiff's claims that it is entitled to specific performance because it cancelled the contract as a result of defendants' alleged willful and deliberate misconduct and because its attorney did not have the authority to cancel the contract, those claims are barred under the doctrine of res judicata because they could have been raised in the prior action (*see Fifty CPW Tenants Corp. v Epstein*, 16 AD3d 292, 293-294 [2005]).

Because plaintiff had reviewed the documents illustrating defendants' alleged fraud prior to commencing the first action, it cannot elude issue or claim preclusion "under the rubric of fraud" (*Smith v Russell Sage Coll.*, 54 NY2d 185, 193 [1981]).

While plaintiff's Judiciary Law § 487 claim against defendant Imperatore was not time-barred, it was properly dismissed on the ground of res judicata because it is predicated on the same alleged fraud on the court that this Court rejected in its order declining to vacate the judgment of dismissal (47 AD3d at 463-464; *see Fifty CPW Tenants Corp.*, 16 AD3d at 294).

Since the motion court properly dismissed plaintiff's claims for specific performance, it properly granted Midtown's motion to cancel the notices of pendency that were filed with this action (*see* CPLR 6514 [a]; *Freidus v Sardelli*, 192 AD2d 578, 580 [1993]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ. [*See* 2008 NY Slip Op 32687(U).]