Order, Supreme Court, New York County (Melvin L. Schweitzer, J), entered on or about July 16, 2010, which granted defendants’ motion to dismiss the complaint, sub silentio denied plaintiff’s motion for sanctions against defendant W. Robert Curtis. (Curtis), denied plaintiffs motion for sanctions against nonparty Marian C. Rice, and granted Rice’s cross motion for sanctions against plaintiff, unanimously modified, on the law, to deny defendant’s motion as to the first four causes of action and to deny Rice’s cross motion, and otherwise affirmed, without costs. Order, same court and Justice, entered July 19, 2010, which denied plaintiffs motion for sanctions and granted Rice’s cross motion for sanctions, unanimously modified, on the facts and in the exercise of discretion, to deny Rice’s cross motion for sanctions, and otherwise affirmed, without costs. Judgment, same court (Edward H. Lehner, J.H.O.), entered February 18, 2011, against plaintiff in favor of Rice in the amount of $8,086.04, unanimously reversed, on the facts and in the exercise of discretion, and the judgment vacated. Appeal from order, same court and J.H.O., entered December 9, 2010, unanimously dismissed, without costs, as subsumed in the appeal from the February 18, 2011 judgment. Order, same court (Melvin L. Schweitzer, J.), entered January 10, 2012, which denied plaintiffs motion to vacate the prior orders and judg *527 merits pursuant to CPLR 5015 (a) (2) and (3) and for renewal pursuant to CPLR 2221 (e), unanimously affirmed, without costs. Order, same court and Justice, entered March 6, 2012, which denied plaintiffs motion for summary judgment dismissing the counterclaim of Curtis, defendant Curtis & Riess-Curtis, EC. (C&R-C), and defendant Curtis & Associates, EC. (C&A) (collectively, the Curtis defendants), unanimously affirmed, without costs.
In this action, plaintiff claims her former attorneys committed malpractice, breached their fiduciary duty, and engaged in fraud, coercion and defamation in prosecuting a malpractice action against the attorneys who represented her in an action in 1988 against nonparty Morris Sales, Inc. Notwithstanding the court’s characterization of their motion, defendants moved to dismiss the fifth through ninth causes of action only. Curtis and C&A, against whom the first four causes of action are asserted, did not move to dismiss those causes of action, and, even though the court found them to have duplicated the fifth through ninth causes of action, the court should not have dismissed them sua sponte (see e.g. Purvi Enters., LLC v City of New York, 62 AD3d 508, 509 [1st Dept 2009]; West Washington Cut Meat Ctr., Inc. v Solomon, 260 App Div 741, 742 [1st Dept 1940]). Reinstatement of the first four causes of action is without prejudice to a motion for dismissal in view of the analysis set forth below.
Plaintiffs fraud claim is based on defendants’ failure to tell her that C&R-C had been dissolved; she contends that, had she known that, she would not have retained C&R-C in 1998 and/or would not have allowed defendants to continue representing her until 2003. However, where a dissolved “corporation carries on its affairs and exercises corporate powers as before, it is a de facto corporation . . . and ordinarily no one but the state may question its corporate existence” (Garzo v Maid of Mist Steamboat Co., 303 NY 516, 524 [1952]). Thus, defendants’ failure to tell plaintiff that C&R-C had been administratively dissolved and subsequently reinstated was not a material omission (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; see also Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 99 [1st Dept 2006] [materiality can be disposed of summarily], lv denied 8 NY3d 804 [2007]). Furthermore, plaintiff failed to show that she was injured by the alleged fraud (see Lama, 88 NY2d at 421). There is no indication that, had C&R-C not been dissolved, it would have provided better legal services to plaintiff. Plaintiffs request for at least $2 million in damages has no relationship to the $87,000 in fees that she paid defendants.
*528 Plaintiff contends that the statute of limitations on her breach of fiduciary duty claims should be six years instead of three because the claims are based on fraud (see e.g. IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]). However, since, as indicated, the complaint fails to state a cause of action for fraud, the statute of limitations for the breach of fiduciary duty claims, which seek money damages rather than equitable relief, is three years (see Kaufman v Cohen, 307 AD2d 113, 119 [1st Dept 2003]); thus, those claims are time-barred.
We also reject plaintiffs contention that defendants should be equitably estopped by their fraud from asserting the three-year statute of limitations defense to the malpractice, breach of contract (this claim is duplicative of the malpractice claim), and conversion claims. First, the complaint does not state a cause of action for fraud. Second, the failure to disclose that underlies plaintiffs equitable estoppel argument is also the basis for her fraud claim (see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 491 [2007]; see also Corsello v Verizon N.Y., Inc., 18 NY3d 777, 789 [2012]). Third, plaintiff fails to allege specific actions by defendants that kept her from timely bringing suit (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 553 [2006]); mere failure to disclose wrongdoing is not sufficient (see Ross, 8 NY3d at 491; see also Zumpano v Quinn, 6 NY3d 666, 675 [2006]). Fourth, with respect to the malpractice and breach of contract claims, the complaint admits that plaintiff realized by November 2003 that defendants’ representation of her had fallen below the skill and knowledge commonly required of members of the legal profession (see Putter, 7 NY3d at 553; Zumpano, 6 NY3d at 674).
Plaintiff failed to support her request for leave to amend with an affidavit of merits and such other evidence as is appropriate on a motion for summary judgment (see Non-Linear Trading Co. v Braddis Assoc., 243 AD2d 107, 116 [1st Dept 1998]).
Plaintiffs motion for sanctions against Curtis and Rice for retaining her files must be denied. Plaintiff had an opportunity to retrieve her files in 2005 when Curtis submitted an affidavit stating that plaintiff already had at least 99% of the case file from the actions underlying this malpractice case. In 2009, when plaintiff came to identify her files and belongings, Rice, as Curtis’s counsel, had an obligation to supervise their removal to make certain that papers were properly duplicated and work product remained with Curtis or counsel. Thus, sanctions against her are not warranted. However, Rice’s and Curtis’s insistence on not returning original documents and requiring plaintiff to designate each garment individually, needlessly *529 involving intervention by the Court and its clerk, to obtain documents and garments that had been previously ordered returned, precludes them from obtaining costs or sanctions from plaintiff.
Plaintiffs motion to vacate and renew was correctly denied as to defendant Cheryl F. Riess, since nothing new nor any specific evidence offered was directed against Riess.
The branch of the motion based on CPLR 5015 (a) (3) (fraud, misrepresentation, or other misconduct) was correctly denied as to Rice and the Curtis defendants, since plaintiff did not show that either Rice or the Curtis defendants committed fraud in procuring the July 2010 orders; she merely tried to show that the Curtis defendants had committed fraud in the underlying transaction (see Jericho Group, Ltd. v Midtown Dev., L.P., 47 AD3d 463 [1st Dept 2008], lv dismissed 11 NY3d 801 [2008]). In any event, we are vacating the award of sanctions.
The branch of the motion based on CPLR 5015 (a) (2) (newly-discovered evidence) was correctly denied as to the Curtis defendants and Rice because the evidence would not have produced a different result (see Matter of Tamara B. v Pete F., 220 AD2d 318 [1st Dept 1995]). Similarly, assuming, without deciding, that plaintiff offered “new facts” on her CPLR 2221 (e) motion, those facts would not have changed the prior determination (see Mejia-Ortiz v Inoa, 89 AD3d 514 [1st Dept 2011]).
As to plaintiffs motion for summary judgment dismissing the Curtis defendants’ counterclaim, plaintiff and the Curtis defendants signed a stipulation that withdrew the counterclaim with prejudice. Concur — Mazzarelli, J.P, Acosta, Freedman, Richter and Gische, JJ.