This procedurally complicated matter arose from a business relationship that began almost two decades ago. In 1994, defendant Phoenix, a mutual fund, retained defendant SRC as its investment advisor and plaintiff EDO as its accountant. In May 2005, Phoenix commenced an action in federal court against SRC, alleging that SRC had fraudulently overstated Phoenix’s assets in order to charge higher fees. Phoenix also commenced an arbitration proceeding against EDO for failing to uncover SRC’s fraud.
In July 2007, Phoenix and SRC settled the federal action. Under the settlement agreement, SRC was to pay Phoenix $12.5 million, and Phoenix was to indemnify SRC against any contribution claim EDO brought against SRC to recover for SRC’s equitable share of liability on any arbitration award against EDO. In August 2008, the arbitration panel found against EDO and awarded Phoenix approximately $11.9 million in damages.
EDO then commenced a contribution action against SRC in Supreme Court, and the action was assigned to a Commercial *508 Division part. SRC moved to dismiss the complaint; the court denied the motion, and SRC appealed to this court (BDO Seidman LLP v Strategic Resources Corp., 70 AD3d 556 [1st Dept 2010]). Pending the appeal, the motion court referred the action to mediation, and the parties attended three mediation sessions in late 2009. Although it was not a party to the action, Phoenix participated in the mediation because of its indemnification obligations to SRC.
During the mediation session on November 30, 2009, and while the appeal on the contribution action was still pending before this Court, the parties orally agreed to a settlement containing several material terms: general releases between and among all of the parties, a $650,000 payment from Phoenix to BDO, dismissal with prejudice of the contribution action and withdrawal of SRC’s appeal. The mediator directed BDO to notify the motion court of the settlement and directed SRC to so notify this Court. EDO’s counsel notified the motion court by informing the Commercial Division justice’s law clerk that subject to the negotiation and signing of documentation, the parties had resolved the action through mediation and would be filing a stipulation of dismissal as soon as the settlement documents were signed.
As clarified at the oral argument of this appeal, SRC’s counsel maintained that he had had a telephone conversation with the then-Clerk of this Court, who told counsel that SRC could withdraw its appeal when a settlement was complete. Counsel took the position that the parties had never actually settled the action because the parties never reached a completed and signed settlement, and therefore, counsel could not withdraw the appeal without prejudicing his clients’ rights. Thus, SRC never effectively informed this Court that the parties had settled during the mediation.
Phoenix’s counsel later sent all counsel a draft of the settlement agreement, but the parties continued to negotiate the terms and never signed an agreement. On February 22, 2010, BDO moved to enforce the oral agreement that the parties had reached on November 30, 2009. However, the next day, this Court reversed the motion court’s denial of SRC’s motion to dismiss and dismissed the complaint (BDO Seidman LLP, 70 AD3d at 556). In so doing, we concluded that BDO was collaterally estopped from relitigating the issue of apportionment of liability because it had fully litigated the issue before the arbitration panel, which had rendered a final decision.
In April 2010, notwithstanding this Court’s dismissal of the action, the motion court held an evidentiary hearing on EDO’s *509 motion to enforce the oral settlement. Following the hearing, the court confirmed the settlement, granted EDO’s motion to enforce and entered judgment against SRC. The court found that the parties’ evidence established an oral agreement of the material terms. Moreover, the court held, the agreement need not be in writing, because BDO had changed its position in reliance upon the settlement agreement. The court also found that it was “a serious breach of professional conduct” for SRC not to have notified the Appellate Division directly that the parties had settled. Further, the motion court found that this Court had ruled on the appeal as a consequence of SRC’s failure directly to notify this Court of the parties’ settlement.
SRC appealed the motion court’s confirmation of the oral settlement agreement. On February 2, 2012, this Court vacated the judgment enforcing the oral agreement on the ground that we had already dismissed the action in the prior appeal (BDO Seidman LLP v Strategic Resources Corp., 92 AD3d 426 [1st Dept 2012]).
BDO then commenced this action against SRC and Phoenix, asserting claims for breach of contract and promissory estoppel. BDO alleged that Phoenix had breached the November 2009 oral settlement agreement by refusing to pay BDO $650,000. BDO further alleged that SRC had breached the agreement by refusing to exchange mutual general releases and by failing to notify this Court of the parties’ settlement of the contribution action.
Following EDO’s filing of the complaint, Phoenix and SRC requested an extension of time to respond, and the parties agreed to a December 24, 2012 response date. However, on December 21, 2012, Phoenix and SRC separately moved to dismiss the complaint under CPLR 3211 (a) (1) and (7). Phoenix also filed and served an RJI on the same day. The action was assigned to a non-Commercial Division part.
By letter dated January 3, 2013, BDO requested that Supreme Court transfer the action to a Commercial Division part under 22 NYCRR 202.70. In opposition, SRC and Phoenix argued that EDO’s request was untimely under 22 NYCRR 202.70 (e) because BDO had submitted the request more than 10 days after it had received the RJI on December 21, 2012. BDO argued that the agreement it sought to enforce arose from a previous action in the Commercial Division and, in the interests of efficiency and judicial economy, Supreme Court should transfer the action. BDO conceded that the request was untimely, but explained that its counsel erred in calculating the deadline based on the date the parties had agreed on for defendants to respond *510 to the complaint. The Administrative Judge denied EDO’s request as untimely, noting that the 10-day time limit under 22 NYCRR 202.70 (e) is “strictly construed.”
EDO then served a notice of voluntary discontinuance without prejudice under CPLR 3217 (a) (1). That section provides: “Any party asserting a claim may discontinue it without an order . . . by serving upon all parties to the action a notice of discontinuance at any time before a responsive pleading is served or, if no responsive pleading is required, within twenty days after service of the pleading asserting the claim and filing the notice with proof of service with the clerk of the court.” At the same time, EDO initiated a new action in Supreme Court (index No. 650114/2013) (the new action) and submitted a complaint that is essentially identical to the complaint in this action. EDO intended to seek to have the new action transferred to a Commercial Division part once defendants re-filed their motions to dismiss.
In response to EDO’s notice of discontinuance, SRC moved and Phoenix cross-moved under CPLR 3217 (b) for an order discontinuing the action with prejudice. Both defendants argued that the motion court should deem EDO’s notice with prejudice, because EDO filed the discontinuance for the sole purpose of circumventing the Administrative Judge’s final and non-appeal-able order. Defendants further argued that the notice of voluntary discontinuance was untimely under CPLR 3217 (a) (1) because EDO served it after defendants had filed a responsive pleading — that is, their motions to dismiss. Defendants sought, in the alternative, an order deeming EDO’s notice of voluntary discontinuance a nullity.
In opposition, EDO argued that the motion court should deny defendants’ motions. First, it claimed that it had an “absolute and unconditional” right to discontinue the action on notice under CPLR 3217 (a) (1), and based on its notice of voluntary discontinuance, there was no longer an action pending in which defendants could bring their motions. Second, EDO argued that defendants may not seek discontinuance with prejudice under CPLR 3217 (b) because that provision permits discontinuance only by “a party asserting a claim.” Third, EDO argued that its notice of voluntary discontinuance was timely because defendants had not yet served an answer, and a motion to dismiss does not constitute a responsive pleading under CPLR 3217 (a) (1). Finally, EDO argued that, even if the notice were untimely, the proper relief would be to deem the notice ineffective and to proceed with the action, not to discontinue the action with prejudice.
*511 The motion court ruled on defendants’ motions, deeming Phoenix’s motion to dismiss withdrawn and the action discontinued “per attached stipulation.” Similarly, the court deemed defendants’ motion and cross motion to discontinue the action with prejudice withdrawn and the action discontinued per the court’s decision on Phoenix’s motion to dismiss. The “attached stipulation,” however, was not a stipulation but rather EDO’s notice of voluntary discontinuance. This appeal ensued.[2]
The motion court erred in deeming defendants’ motions withdrawn. Indeed, the parties never “stipulated” to discontinue EDO’s action. Rather, EDO unilaterally filed a notice of voluntary discontinuance. This notice was untimely because EDO served it after defendants filed their motions to dismiss (see CPLR 3217 [a] [1]; Polgar v Focacci, 2 Misc 3d 836, 839-840 [Sup Ct, NY County 2003]; David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3217:8 [“the defendant who has moved to dismiss under CPLR 3211 has already done as much in the litigation (and more) than if she had merely answered the complaint”]). Indeed, if a motion to dismiss is not a “responsive pleading” within the meaning of CPLR 3217 (a) (1), a plaintiff would be able to freely discontinue its action without prejudice solely to avoid a potentially adverse decision on a pending dismissal motion. This Court has made clear that such conduct is improper (see Rosenfeld v Renika Pty. Ltd., 84 AD3d 703 [1st Dept 2011]; McMahan v McMahan, 62 AD3d 619, 620 [1st Dept 2009]). Thus, EDO’s notice was ineffective and a nullity, and the motion court should not have deemed defendants’ motions withdrawn (see Citidress II Corp. v Hinshaw & Culbertson LLP, 59 AD3d 210, 211 [1st Dept 2009]; Tutt v Tutt, 61 AD3d 967 [2d Dept 2009]).
That EDO served its notice of discontinuance in an attempt to circumvent the Administrative Judge’s order denying its request to have its action assigned to the Commercial Division may be a valid basis for granting a discontinuance with prejudice (see e.g. Rosenfeld, 84 AD3d at 703; McMahan, 62 AD3d at 619; NBN Broadcasting v Sheridan Broadcasting Networks, 240 AD2d 319 [1st Dept 1997]; Hirschfeld v Stahl, 242 AD2d 214 [1st Dept 1997]). However, given the unusual procedural history that led to the commencement of this action, we decline to discontinue the action with prejudice. Specifically, this action arose from defendant SRC’s failure to properly notify this Court of the settlement the parties had reached in the contribution ac *512 tion before the mediator. Indeed, although the parties had reached a settlement, and the mediator specifically directed the parties to inform this Court of the settlement, SRC unilaterally took the position that the settlement was not effective and that the appeal should continue. As a result, this Court dismissed the contribution action before the parties finalized a written agreement, thus precluding BDO from enforcing the oral agreement (see BDO Seidman LLP, 92 AD3d 426; BDO Seidman LLP, 70 AD3d 556).
Because the motion court deemed Phoenix’s motion to dismiss withdrawn without having considered its merit, we remand the action for further proceedings, including consideration of the motion. Concur — Gonzalez, P.J., Friedman, Sweeny, Moskowitz and Clark, JJ.

. Based on its reasoning in deciding Phoenix’s motion to dismiss, the court also deemed SRC’s motion to dismiss withdrawn. SRC filed a notice of appeal from that order but has reserved its right to perfect the appeal.