■ Jericho Group, Ltd., et al., Respondents, v Mid-Town Development Limited Partnership et al., Appellants, et al., Defendants. [12 NYS3d 45]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered May 12, 2014, which denied as moot defendants-appellants' motion to dismiss the complaint with prejudice and for an injunction against further related litigation and costs and sanctions against plaintiffs, and permitted plaintiffs to discontinue the action without prejudice, unanimously reversed, on the law, without costs, plaintiffs' notice of discontinuance deemed a nullity, the complaint reinstated, defendants' motion granted to the extent of dismissing the action as against them with prejudice, and the action remanded for further proceedings consistent herewith. The Clerk is directed to enter judgment in defendants' favor dismissing the complaint.

The motion court erred in denying defendants' motion as moot. Plaintiffs' notice of withdrawal of the action, in effect a discontinuance, was untimely because it was served well after defendants filed their motion to dismiss (see CPLR 3217 [a] [1]) and "was apparently served to avoid an adverse decision on the pending motion to dismiss the complaint with prejudice" (Rosenfeld v Renika Pty. Ltd., 84 AD3d 703, 703 [1st Dept 2011]). Thus, the notice was ineffective and a nullity (see BDO USA, LLP v Phoenix Four, Inc., 113 AD3d 507, 511 [1st Dept 2014]; Citidress II Corp. v Hinshaw & Culbertson LLP, 59 AD3d 210, 211 [1st Dept 2009]).

The instant case is the third action commenced by plaintiffs against essentially the same defendants, setting forth the same allegations concerning a contract between the parties from 2002. The first action was commenced in 2004. After defendants' motion to dismiss was denied, an appeal ensued. We reversed and dismissed the complaint (Jericho Group, Ltd. v Midtown Dev., L.P., 32 AD3d 294 [1st Dept 2006]). Plaintiffs thereafter moved in Supreme Court to vacate the judgment of dismissal, which motion was granted. We again reversed, finding there were no grounds to vacate the judgment (Jericho Group, Ltd. v Midtown Dev., L.P., 47 AD3d 463 [1st Dept 2008], lv dismissed 11 NY3d 801 [2008]).

In 2007, plaintiffs commenced a second action against the same defendants along with two additional defendants regarding the same contract and same issues as in the 2004 action. Defendants again moved to dismiss, which motion was granted.

We affirmed (*Jericho Group Ltd. v Midtown Dev., L.P.*, 67 AD3d 431 [1st Dept 2009], *lv denied* 14 NY3d 712 [2010]). In that decision, we found that the 2007 action was barred by collateral estoppel and res judicata, since the 2004 action, based on the same transaction, had been dismissed on the merits.

This action, with the addition of additional defendants, seeks the same relief as the 2004 and 2007 actions. Defendants' motion to dismiss was made on the grounds that the action is barred by collateral estoppel and res judicata. Plaintiffs did not submit opposition, despite several extensions of time to respond, and then they attempted to file a discontinuance of the action without prejudice on the day before the final return date of the motion. To remit this matter to the trial court to resolve this aspect of the motion would be a waste of judicial resources, given the history of the litigation between these parties and the fact that the doctrines of collateral estoppel and res judicata would warrant the granting of defendants' motion.

Accordingly, exercising our power to review questions of law and fact (CPLR 5501 [c]), defendants' motion to dismiss the complaint with prejudice is granted.

With respect to defendants' motion for a litigation injunction, sanctions and costs, that matter is remanded to Supreme Court to conduct further proceedings as to those issues (*BDO USA, LLP v Phoenix Four, Inc.*, 113 AD3d at 512). Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Richter, JJ.