OPINION OF THE COURT
Carol Goldstein, J.
The paternal grandmother GK and the paternal grandfather DK are estranged from their son, JK, and their daughter-in-law, EK, and it is not disputed that they have no relationship with their grandson, BK, born October x, 20xx. The grandmother is suffering from metastatic cancer. The grandparents filed a petition and then an amended petition seeking visitation with BK. The parents strongly opposed any contact between their son and the grandparents and filed a motion to dismiss the amended visitation petition for lack of standing. Before the motion to dismiss was finally submitted to the court for decision, the grandparents sought to discontinue the action without prejudice due to the strain that the litigation put on the grandmother’s ill health.
While the parents argue that the matter should be dismissed only with prejudice, the court permits the discontinuance without prejudice. The court finds that the matter was not finally submitted to the court “to determine the facts,” which would preclude a discontinuance without the stipulation of all parties (see CPLR 3217 [b]). The court further finds that the discontinuance was not made for an improper reason, nor that it was unduly prejudicial to the parents.
Statement of Facts
On August 9, 2016, the paternal grandparents filed a petition against the parents seeking grandparent visitation under Domestic Relations Law § 72, alleging that they were denied visitation with BK. They further alleged that the matter was of great urgency because the grandmother was ill and suffering from terminal cancer.
When the matter appeared before this court on September 15, 2016, the parents unequivocally stated that they opposed *692 any order of visitation and sought to dismiss the petition. Since the grandparents’ petition contained no allegations with respect to efforts they made to establish a relationship with BK, the grandparents were directed to file by September 19, 2016 an amended petition which “specifies what efforts were made [to establish a relationship with BK] and how those efforts were rebuffed.” The court directed that the amended petition contain sworn allegations of fact. The parents were directed to file a motion to dismiss by October 11th and the affirmation in opposition was to be filed by October 14th. The matter was adjourned until October 21, 2016 for decision.
On September 19, 2016, the grandparents filed an amended petition. In this petition, grandparents claimed that they made reasonable efforts to establish a relationship with their grandson, but that these efforts were “wrongly thwarted” by the parents. According to the grandparents’ sworn statements, they requested visits on a number of occasions and asked the parents to bring BK to family events. They also asked others to intervene on their behalf in their quest for contact with BK. Further, the grandparents offered to purchase a carriage for BK and offered handmade baby clothing. These efforts resulted in two encounters with BK, one at the office of the grandmother’s psychiatrist and one at a local restaurant. In neither instance were the grandparents permitted to hold the child. With the exception of these two encounters, the grandparents allege that their efforts to establish a relationship with BK were completely rebuffed. All of the above allegations were supported by affidavits of the grandparents.[1] The grandparents also alleged that the grandmother is suffering from metastatic uveal melanoma and attached medical letters attesting to this.
On October 10, 2016, the parents filed a motion to dismiss the grandparents’ visitation petition, alleging that the grandparents failed to demonstrate that they had standing. They claimed that the grandparents have no relationship with BK and have not made sufficient efforts to establish a relationship with BK. They further alleged that they have a “sound and reasonable basis” for objecting to the visitation. The annexed affidavit of BK’s father alleged that the grandparents have been “horrible, abusive parents towards me” and towards BK’s mother. The parents accused the grandparents of attempting *693 to break up their engagement and wedding and cited insulting and hurtful emails sent by the grandmother. The father asserted that it is his and BK’s mother’s decision that the grandparents have no relationship with BK.
In the motion to dismiss, the parents further sought sanctions for alleged frivolous conduct by the grandparents. They alleged, inter alia, that the grandparents made threats to pursue litigation; served the parents with legal papers at their home after their attorney agreed to accept service of process on their behalf; made arguments with no legal basis; made false factual statements; and that a distasteful email was sent by the grandparents’ attorney to the parents’ attorney, suggesting that the parents’ attorney was in need of “professional help.”[2]
On October 18, 2016, the grandparents filed a response. The response contained no sworn allegations of fact. When the matter was heard in court on October 21, 2016, the court directed that by October 28th, the grandparents file a further response containing affidavits by each of the grandparents and that the affidavits must “acknowledge or refute the allegations of the parents regarding their poor behavior.” Any reply papers were to be filed by November 7th. The court also noted that there were three motions filed by the grandparents and ordered that any further applications must be filed by order to show cause.[3] The matter was adjourned until November 18, 2016 for decision on the motion to dismiss.
On October 25, 2016, prior to the date by which they were to file a further response, the grandparents filed a motion for leave to discontinue their action for grandparent visitation “without prejudice.” As the reason for discontinuance, they asserted that the grandmother is suffering from “metastasized cancer, which cannot be treated successfully by any and all regularly prescribed methods.” The grandparents alleged that the grandmother “suffers enormous pain and suffering” and the grandfather alleged that his presence in court “will materially interfere with the care to be given his wife.” Although the grandparents sought to discontinue the action, they stated that *694 they were “nonetheless responding” to the allegations of lack of standing made by the parents in their motion to dismiss because such response was “directed by the court.” Annexed to the motion is the grandfather’s affidavit in response to the allegations made by the parents.[4]
On November 7, 2016, the parents filed a response. Rather than responding to the motion to discontinue, they treated the grandparents’ motion as a further response to the parents’ motion to dismiss. The response papers consisted only of an affidavit by BK’s father in which he disputed the allegations of the grandparents regarding standing. In a letter attached to the response papers, counsel for the parents stated that the grandparents filed a “Notice of Motion” in “direct violation” of the order of this court directing that all future applications be made by order to show cause and that the motion must therefore “be denied.”
At the court appearance on November 18, 2016, upon the application of the parents, the court dismissed the grandparents’ motion for a discontinuance because it was not filed in proper form. The court gave the grandparents one week to file their application for discontinuance by order to show cause. The parents’ motion to dismiss for lack of standing was “held in abeyance pending the decision on the application for a discontinuance.”
On November 25, 2016, the grandparents filed a timely order to show cause seeking a discontinuance “without prejudice.” The grandparents urged the court to grant the relief requested, contending that an application for leave to discontinue an action without prejudice should be granted unless there are “reasons which would justify its denial,” citing Valladares v Valladares (80 AD2d 244, 257-258 [2d Dept 1981]).
The grandparents contended that they are not trying to avoid a determination; they simply cannot continue the proceeding due to the grandmother’s poor health. Annexed to the order to show cause is a letter from Dr. Richard D. Carvajal, associate professor of medicine and director of the Melanoma Service at the Columbia Presbyterian Medical Center, stating that the grandmother is suffering from metastatic uveal melanoma. Dr. Carvajal stated that this type of case is “particularly challenging to treat” and that “the median survival rate after diagnosis *695 of metastatic disease is under 1 year.” With respect to the grandmother’s condition, Dr. Carvajal stated the following:
“Mrs. K developed metastatic melanoma to the bone in June of 2015, and . . . has managed to live longer than the majority of comparable patients with her disease; however, she now has widespread disease involving the spine, hip, femur, liver and lymph nodes. She has received aggressive immuno-therapy with significant side effects involving her intestines and is now receiving an experimental therapy on a clinical trial which appears to be controlling her cancer but requires a significant amount of time in the hospital and clinic and is also associated with significant side effects. The first three weekly doses of this treatment require inpatient hospitalization, and, because of the severe side effects which she experienced, including hypotension requiring fluid resuscitation, rash, fevers, rigors, and fatigue, we opted to electively admit her for her fourth weekly treatment. In addition, she required evaluation in the Emergency Department on two separate occasions during her treatment course thus far due to complications. She is currently able to receive this treatment as an outpatient, but still requires visits to the clinic at least one time weekly in addition to additional visits for imaging studies and other procedures.”
The grandparents asserted that the parents would not be prejudiced by the discontinuance because the same argument raised herein may be raised in a motion to dismiss “when Petitioners are able and decide to seek to secure rights under article 72 of the DRL.”
The grandparents contended that their application to seek discontinuance was not made “after the cause was already submitted to the jury or the trier of fact,” under which circumstances the discontinuance without prejudice would require a stipulation by the parties (see CPLR 3217 [b]). They asserted that the issues of standing and, if standing is found, best interest of the child, have not yet been submitted to the court. The grandparents further contended that the motion to dismiss the amended petition was not finally submitted to the court.
In their papers in opposition, filed on December 7, 2016, the parents argued that as a matter of law, the court cannot discontinue the proceeding except by stipulation. In support of *696 that position, they cite CPLR 3217 (b), which states that “[a]f-ter the cause has been submitted to the court or jury to determine the facts the court may not order an action discontinued except upon . . . stipulation of [the] parties appearing in the action.” They argued that their motion to dismiss for lack of standing was fully submitted on October 20, 2016, and that the final submission of the motion to dismiss was tantamount to “the cause [being] submitted to the court ... to determine the facts.”
Alternatively, the parents argued that a discontinuance without prejudice would be “fundamentally unfair and extremely prejudicial to the parents.” According to the parents, the grandparents are merely seeking to avoid an adverse ruling on the issue of standing. Moreover, the litigation has interfered with the parents’ ability to care for their son and the father’s ability to support his family. They noted that the mother is now pregnant with the parents’ second child. The parents feared that the grandparents will “simply re-file whenever they wish” and “this litigation will play itself out all over again in the near future.”
The parents argued that the court
“could only appropriately discontinue the proceeding upon proper terms and conditions, including, but not limited to, a discontinuance with prejudice, prohibiting the grandparents from re-filing, extending and continuing the Court’s Orders entered in this proceeding[5] and sanctioning the Grandparents and their counsel for engaging in frivolous conduct within 22 NYCRR 130-1.”
While the parents stated that the litigation was costly to them, they did not seek counsel fees.[6]
Decision on Motion to Discontinue Proceeding
CPLR 3217 states the manner in which an action may be discontinued. Pursuant to subdivision (a), an action may be *697 discontinued upon notice before responsive pleading or upon stipulation of the parties. If subdivision (a) is not applicable, the litigant seeking discontinuance must turn to subdivision (b), which provides:
“Except as provided in subdivision (a), an action shall not be discontinued by [the] party asserting a claim except upon order of the court and upon terms and conditions, as the court deems proper. After the cause has been submitted to the court or jury to determine the facts the court may not order an action discontinued except upon the stipulation of all parties appearing in the action.”
In the instant proceeding, subdivision (a) is clearly inapplicable because a motion to dismiss is a responsive pleading ending the time for a voluntary discontinuance by notice (BDO USA, LLP v Phoenix Four, Inc., 113 AD3d 507, 511 [1st Dept 2014]; David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3217:8). Moreover, it is clear in the instant case that there will be no stipulation of discontinuance since the parents strenuously object to a discontinuance without prejudice.
The grandparents argue that the matter may be discontinued by court order pursuant to subdivision (b) because the cause has not yet been submitted to the court “to determine the facts.” The court agrees. The filing of a motion to dismiss is not tantamount to the cause having been submitted to the court or jury to determine the facts (cf. Universal Utils. v Tankell, 73 AD2d 947 [2d Dept 1980] [motion for summary judgment does not constitute matter being “submitted to the court or jury to determine the facts”]; Piedmont Hotel Co. v Nettleton Co., 241 App Div 562, 563-564 [4th Dept 1934] [denial of summary judgment motion did not preclude plaintiffs discontinuance of the action]).
Moreover, the motion to dismiss in the instant case was not finally submitted to the court for decision prior to the grandparents’ application for a discontinuance. On October 21, 2016, the court directed the grandparents to file by October 28th a further response to the motion to dismiss with affidavits by the grandparents and gave the parents until November 7th to reply. The motion to discontinue was made on October 25, 2016, prior to the date set by the court for the filing of a further response. The parents’ contention that the motion to dismiss was finally submitted on October 20th is directly contradicted by *698 the court’s clear statement on October 21, 2016 that it was requiring a further response from the grandparents before deciding the motion.
Having determined that the matter may be discontinued by order of the court, this court must now decide whether there are any circumstances which would warrant the discontinuance being made with prejudice. “Ordinarily, a plaintiff has a right to discontinue a pending action [without prejudice] at any time unless substantial rights have accrued or his adversary’s rights would be prejudiced thereby” (Louis R. Shapiro, Inc. v Milspemes Corp., 20 AD2d 857, 857 [1st Dept 1964]; see also Schimansky v Nelson, 50 AD2d 634 [3d Dept 1975]). Thus, courts have denied discontinuance without prejudice where the applications were made for reasons that were improper, unfair or prejudicial to the other party. (See e.g. DuBray v Warner Bros. Records, 236 AD2d 312 [1st Dept 1997] [plaintiffs engaged in forum shopping in an attempt to revive their argument that New York law should apply]; and Tucker v Tucker, 55 NY2d 378 [1982] [plaintiff sought discontinuance in order to re-file after the effective date of the Equitable Distribution Law and thereby obtain broader benefits with respect to the distribution of marital property].)
Here, the reason sought to discontinue the action, the illness of the grandmother, was not improper and did not give the grandparents a tactical advantage. The grandmother is suffering from a metastasized cancer, which has not responded to conventional treatment. She is currently being treated in a clinical trial and has experienced debilitating side effects. The grandmother understandably has to focus her attention on her treatment and, hopefully, her recovery and the. grandfather must focus his efforts on caring for his wife and financially supporting himself and his wife. The court has no reason to disbelieve this proffered reason, particularly since medical letters confirming the grandmother’s condition and treatment have been submitted.
The court is aware that the grandmother was suffering from cancer when the action was filed and it does not appear that there has been a significant change in her medical condition. However, the grandparents may have thought that the matter would be quickly resolved in their favor and not involve protracted litigation. That did not prove to be the case. The parents strenuously objected to visits with BK and are fighting the grandparents at every turn. It is clear that if the grandpar *699 ents continue with this litigation, they will face a hard fought and contentious trial.
The main prejudice alleged by the parents is the stress of the litigation and the fact that they may have to litigate the issue at a later date. The court does not find that this is the type of prejudice that would preclude a dismissal without prejudice.
The court denies the parents’ motion for sanctions against the grandparents and their prior attorney. The papers filed by the grandparents are not without merit and can be supported by reasonable arguments. None of the litigation tactics were undertaken primarily to harass or injure the parents. With respect to the facts, there are factual disputes which, if the matter proceeded, would have to be determined at a hearing. The court does note that the grandparent’s former counsel sent his adversary an email, which was not collegial, in the midst of this contentious litigation. However, the court does not hold that to be sanctionable.
For the reasons stated above, the amended petition for grandparent visitation dated September 19, 2016 is discontinued and is dismissed without prejudice.

. The petition was sworn to by the grandparents. In paragraph 13, the petition incorporated by reference an attached exhibit, which contained the allegations of the grandparents.

. The grandparents were represented by counsel until the date on which they each filed consent to change counsel forms indicating that they were now representing themselves. The grandfather filed this form on January 5, 2017, and the grandmother filed this form on January 27, 2017.

. On November 18, 2016, the grandparents withdrew the three motions which they had filed. The parents had not yet responded to those motions before they were withdrawn.

. The affidavit by the grandfather incorporates by reference an annexed statement responding to the specific allegations of the parents.

. The parents do not state which orders they wish to have extended and continued. To the extent that they seek to have the October 21, 2016 order which directs that the grandparents not post anything related to the child on the Internet, including pictures of the child, and not contact the parents at work, the court does not see a need to continue this order. If the grandparents commit any acts that are harassing, the parents obviously may take appropriate legal action.

. Both parties sought to submit further papers regarding the motion to discontinue after December 12, 2016, the date that the motion was marked submitted. None of these papers are being considered by the court.