Board of Mgrs. of Cent. Park Place Condominium v Potoschnig (2019 NY Slip Op 08806)





Board of Mgrs. of Cent. Park Place Condominium v Potoschnig


2019 NY Slip Op 08806


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Friedman, J.P., Kapnick, Kern, Oing, JJ.


10530 118205/09

[*1] Board of Managers of Central Park Place Condominium, Plaintiff-Respondent,
v
Hubert Potoschnig also known as Hubert W. Potoschnig, Defendant-Appellant.


Hubert Potoschnig, appellant pro se.
Schwartz Sladkus Reich Greenberg Atlas, LLP, New York (Debra M. Schoenberg of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered March 21, 2018, which, insofar as appealed from as limited by the briefs, denied defendant's motion to vacate a money judgment and judgment of foreclosure and sale (same court and Justice), entered June 26, 2017, unanimously affirmed, with costs.
Defendant failed to preserve the arguments he makes addressed to the validity of the judgment. The arguments are also unavailing. As to the amount of the money judgment, which was stipulated to by the parties, defendant knew the amount of liability he would face if he defaulted and he willingly agreed to it (see Katz v Robinson Silverman Pearce Aronsohn & Berman, 277 AD2d 70, 73 [1st Dept 2000]).
Defendant's argument that the judgment represents a double recovery is unavailing, since the Real Property Law expressly permits condominium boards enforcing liens to seek both a money judgment and foreclosure (see Real Property Law § 339-aa).
Finally, while the stipulation underlying the judgment did not on its face make provision for any deficiency judgment, it provided for entry of judgment in the form attached. That form of judgment, which became the judgment herein, laid out the provision for a deficiency judgment.
We note that defendant's attacks on the stipulation — to which he devotes the bulk of his brief — do not lie on this appeal from the denial of his motion to vacate the judgment (see Nichols v Curtis, 104 AD3d 526, 529 [1st Dept 2013]; Jericho Group, Ltd. v Midtown Dev., L.P., 47 AD3d 463, 463 [1st Dept 2008], lv dismissed 11 NY3d 801 [2008]).
Defendant failed to address that portion of the order which granted plaintiff's cross motion to the extent of referring the issue of attorneys' fees to a special referee to hear and report, and thereby abandoned that portion of his appeal (see Mehmet v Add2Net, Inc., 66 AD3d 437, 438 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK