Deutsche Bank Natl. Trust Co. v Willock (2021 NY Slip Op 01141)





Deutsche Bank Natl. Trust Co. v Willock


2021 NY Slip Op 01141


Decided on February 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 23, 2021

Before: Kapnick, J.P., Webber, Mazzarelli, Oing, JJ. 


Index No. 380224/14 Appeal No. 13194N Case No. 2020-02417 

[*1]Deutsche Bank National Trust Company, etc., Plaintiff-Respondent,
v
Byron Willock, Defendant-Appellant, The City of New York Department of Housing Preservation and Development, et al., Defendants.


Montalbano, Condon & Frank, P.C., New City (Paul S. Baum of counsel), for appellant.
Jaspan Schlesinger LLP, Garden City (Victoria R. Gionesi of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris Gonzalez, J.), entered on or about February 18, 2020, which denied defendant Byron Willock's motion to vacate a deficiency judgment entered against him upon his default, unanimously affirmed, without costs.
On appeal, Willock has abandoned his argument that he had a reasonable excuse for failing to oppose plaintiff's motion for a deficiency judgment (CPLR 5015[a][1]). Instead, he claims that plaintiff committed "fraud, misrepresentation or other misconduct" (CPLR 5015[a][3]). This argument is improperly raised for the first time on appeal (see Ta-Chotani v Doubleclick, Inc., 276 AD2d 313 [1st Dept 2000]; Matter of Tamara B. v Pete F., 220 AD2d 318 [1st Dept 1995]). In any event, defendant failed to demonstrate that plaintiff perpetrated a fraud on him that induced him to refrain from defending the case (see Matter of Renaissance Economic Dev. Corp. v Jin Hua Lin, 126 AD3d 465, 465 [1st Dept 2015], lv dismissed 26 NY3d 953 [2015]). Contrary to defendant's argument, plaintiff presented appraisals setting forth the basis for determining fair market value and showing a range of potential values depending on conditions in the building. Defendant, having received notice of the motion, had the opportunity to appear and present other evidence of value, but instead defaulted.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2021