Pinkesz Mut. Holdings, LLC v Pinkesz (2021 NY Slip Op 05358)





Pinkesz Mut. Holdings, LLC v Pinkesz


2021 NY Slip Op 05358


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2017-03981
 (Index No. 507958/13)

[*1]Pinkesz Mutual Holdings, LLC, appellant,
v
Edward Pinkesz, etc., et al., respondents, et al., defendants.


Ahmuty, Demers & McManus LLP, Albertson, NY (Susan Mauro of counsel), for appellant.
Jerome E. Goldman, Esq., P.C., Brooklyn, NY, for respondent Anthony Pinkesz, and Law Office of Susie Chovev, Esq., PLLC, Cedarhurst, NY (Law Offices of Victor Worms, P.C., of counsel), for respondent Edward Pinkesz (one brief filed).



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated February 13, 2017. The order granted the motion of the defendant Anthony Pinkesz to vacate a notice of discontinuance filed by the plaintiff on November 30, 2016, and denied the plaintiff's cross motion, inter alia, pursuant to CPLR 3217(b) to discontinue the action.
ORDERED that the order is affirmed, with costs.
In 2013, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, fraud, and breach of fiduciary duty, and for related equitable relief. After extensive pre-answer motion practice, discovery-related disputes, requests for sanctions, and the joinder of issue by one of the defendants, the plaintiff filed a notice of discontinuance pursuant to CPLR 3217(a)(1) on November 30, 2016. The defendant Anthony Pinkesz thereafter moved to vacate the notice of discontinuance, and the plaintiff cross-moved, among other things, pursuant to CPLR 3217(b) to discontinue the action. The Supreme Court granted Pinkesz's motion and denied the plaintiff's cross motion. The plaintiff appeals.
Under the circumstances presented, the Supreme Court properly granted Pinkesz's motion to vacate the notice of discontinuance, which was untimely pursuant to CPLR 3217(a)(1) (see Jericho Group, Ltd. v Mid-Town Dev. L.P., 129 AD3d 561; BDO USA, LLP v Phoenix Four, Inc., 113 AD3d 507, 511; Rosenfeld v Renika Pty. Ltd., 84 AD3d 703; McMahan v McMahan, 62 AD3d 619). Moreover, the court providently exercised its discretion in denying the plaintiff's cross motion, inter alia, pursuant to CPLR 3217(b) to discontinue the action (see Baez v Parkway Mobile Homes, Inc., 125 AD3d 905, 908; Kane v Kane, 163 AD2d 568, 570).
The plaintiff's remaining contentions either need not be reached in light of our determination or are improperly raised for the first time on appeal.
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court