Newrez LLC v Morton (2023 NY Slip Op 00269)

Newrez LLC v Morton

2023 NY Slip Op 00269

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kern, J.P., Oing, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 850098/17 Appeal No. 17145 Case No. 2022-03499 

[*1]Newrez LLC, Doing Business as Shellpoint Mortgage Servicing, Plaintiff-Respondent,
v
Allen Morton et al., Defendants-Appellants, Allen J. Morton Jr. et al., Defendants.

Allen J. Morton, appellant pro se.
Patsy J. Morton, appellant pro se.
Friedman Vartolo LLP, New York (Zachary Gold of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered August 10, 2022, which denied defendant property owners' motion to vacate the amended judgment of foreclosure and sale, unanimously affirmed, without costs.
Supreme Court providently denied the motion to vacate. Defendants failed to demonstrate a lack of jurisdiction to issue the amended judgment (see CPLR 5015[a][4]).The record shows that the decision to vacate the original judgment of foreclosure and sale sua sponte and replace it with the amended judgment was an exercise of "discretion to cure mistakes, defects and irregularities that do not affect substantial rights of parties" (Kiker v Nassau County, 85 NY2d 879, 881 [1995], citing CPLR 5019[a]). Defendants also failed to prove that motion papers were not served upon them, as they opposed the motion of plaintiff's predecessor for a judgment of foreclosure and sale (see CPLR 2103[c]). Their contention that plaintiff submitted some additional motion that was unserved and unfiled, which led to entry of the amended judgment, is both belied by the record and speculative (cf. Citimortgage, Inc. v Reese, 162 AD3d 847, 848 [2d Dept 2018] ["failure to give a party proper notice of a motion deprives the court of jurisdiction to entertain the motion and renders the resulting order void"]).
Defendants also failed to show that the amended judgment should be vacated due to newly discovered evidence, as the subsequent assignments of the note and servicing rights from plaintiff to its successors "would not have produced a different result" concerning the amount of money owed on the note (Nichols v Curtis, 104 AD3d 526, 529 [1st Dept 2013]; see CPLR 5015[a][2]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023