SC Prop. Dev., LLC v MW Capital LLC (2025 NY Slip Op 02741)

SC Prop. Dev., LLC v MW Capital LLC

2025 NY Slip Op 02741

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Scarpulla, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 651187/23|Appeal No. 4278|Case No. 2024-01318|

[*1]SC Property Development, LLC, Plaintiff-Appellant,
v
MW Capital LLC, Defendant, Joon Hwang, et al., Defendants-Respondents.

William A. Thomas, New York, for appellant.
Hinshaw & Culbertson LLP, New York (Daniel L. Morriss (D.L.) of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 4, 2024, which granted the motion of defendants Hwang and Highwater Capital LLC to dismiss the complaint as against them, unanimously affirmed, without costs.
Supreme Court properly granted defendants' motion to dismiss because the unappealed dismissal of the prior complaint (SC Property Dev. LLC v MW Capital LLC et al., index No. 656829/2021) is entitled to res judicata effect with respect to this action. The prior complaint asserted claims against defendant Hwang that are substantially identical to the instant claims and derive from the transactions and occurrences at issue here (see Lefkowitz v Etra & Etra, 13 AD3d 132, 133 [1st Dept 2004]). Even though the prior dismissal order did not explicitly state that the dismissal was "on the merits," the order was sufficiently clear that it included a dismissal on the merits, and it was not issued purely on account of technical pleading deficiencies (see Plaza PH2001 LLC v Plaza Residential Owner LP, 98 AD3d 89, 98 [1st Dept 2012]; Jericho Group Ltd. v Midtown Dev., L.P., 67 AD3d 431, 431-432 [1st Dept 2009], lv denied 14 NY3d 712 [2010]). Defendant Hwang sought dismissal of the prior complaint under both CPLR 3211(a)(1) and 3211(a)(7). Hwang's arguments for dismissal included both that plaintiff failed to state a cause of action and that the claims were barred by the documentary evidence — namely, Hwang's employment agreement with plaintiff and a signed release executed by plaintiff and defendant MW Capital LLC. The court noted that its dismissal was based on the arguments in Hwang's motion papers, as well as on the "foregoing documents," which included the employment agreement and the release.
Furthermore, the fact that the court noted in the prior dismissal that the motion was "without opposition," and did not state that the dismissal was "with prejudice," does not counsel a different result as the court directed the clerk to enter judgment accordingly in favor of defendants. Thus, the order was not a dismissal order based on plaintiff's default (see Plaza PH2001 LLC v Plaza Residential Owner LP, 98 AD3d at 98).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025